**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-6369**

_____

BERNARD GREGORY, Mr.,

                                    Plaintiff - Appellant,

        versus

PRISON HEALTH SERVICES, INCORPORATED; WILLIAM
L. WILLIAMS, MHC Warden; RUTH JOHNSON, Sgt.
MHC, A.R.P. Coordinator; JOAN HAMPSON, Ms.,
MHC Dietary Manager; ANTHONY MITCHELL, Lt.,
Corrections Dietary Officer, each named
defendant in sue, in individual & official
capacity; FRANK C. SIZER, JR., Commissioner of
Corrections,

                                    Defendants - Appellees,

        and

UNKNOWN NAMED DEFENDANTS,

                                    Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (8:05-
cv-01710-PJM)

_____

Submitted: August 30, 2007        Decided:  September 7, 2007

_____

Before MICHAEL, KING and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Bernard Gregory, Appellant Pro Se. Joseph Barry Chazen, Gina Marie Smith, MEYERS, RODBELL & ROSENBAUM, PA, Riverdale, Maryland; Stephanie Judith Lane-Weber, Assistant Attorney General, Baltimore Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Gregory appeals the district court's order granting Defendants' motions for summary judgment and dismissing his civil action filed pursuant to 42 U.S.C. § 1983 (2000). Gregory alleged violation of his civil rights arising out of medical treatment he received for a right wrist injury sustained on September 10, 2004, claiming the medical care he received was negligent, inadequate, and involved numerous delays, and resulted in permanent damage to his wrist. We conclude the district court properly granted Defendants' motions.

We review de novo the district court's adverse grant of summary judgment, and we construe the facts in the light most favorable to Gregory, the non-moving party. See Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Laber, 438 F.3d at 415 (quoting Fed. R. Civ. P. 56(c)). Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896

F.2d 848, 851 (4th Cir. 1990).  An Eighth Amendment violation occurs where treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Id.

We find Gregory's claims subject to dismissal on the ground that Gregory failed to allege acts or omissions sufficiently harmful so as to demonstrate deliberate indifference. Specifically, Gregory claims negligence, medical malpractice, and disagreement with medical treatment, which claims do not support relief under § 1983.  Estelle, 429 U.S. at 106; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  We find no facts in the record to suggest that Defendants acted with the necessary state of mind to support a viable § 1983 claim.  Review of the record reveals that Gregory was seen by medical staff the day of his injury, was referred to an orthopaedic hand specialist in an outside emergency room facility within four days of his initial injury, was ultimately provided with surgery on October 22, 2004, after less-intrusive means of treatment failed, and was seen approximately twenty-four times for treatment of his injury (including consultations with orthopaedic and neurological specialists) through December 28, 2005.[1]  In addition, Gregory received

_____

[1]That Gregory's surgery was rescheduled twice because his treatment was twice transferred to a different medical provider does not support a deliberate indifference claim, and the only evidence to support Gregory's allegations that his injury became worse due to Defendants' actions or inactions are his own,

- 4 -

approximately 105 physical therapy treatments beginning on November 17, 2004, and lasting through mid-November 2005. This uncontradicted evidence belies Gregory's claims of deliberate indifference.[2]

Accordingly, we deny Gregory's motion to dismiss, and affirm the district court's dismissal of Gregory's action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

---

unsubstantiated allegations, which are insufficient to withstand summary judgment. See Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986).

[2]While Defendants also asserted that Gregory failed properly to exhaust his administrative claims, we find that, even assuming exhaustion, Gregory's claims fell short of establishing deliberate indifference to his serious medical needs protected against by the Eighth Amendment.